UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY LYNN LAVERY, JR.,

                Plaintiff,

v.

M. KRONA, and EDWARD HANSMEYER,

                Defendants.

Case No. C09-5196FDB/JRC

ORDER

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff submitted his Complaint on or about April 7, 2009, along with an application to proceed *in forma pauperis.* Plaintiff has since cured deficiencies in his application and the court has granted him *in forma pauperis* status.

After reviewing the record, including Plaintiff's Complaint, a motion to appoint counsel, and a motion seeking copies to be made by the court clerk, the court finds and orders as follows.

(1) Plaintiff names two defendants in his Complaint, alleging that they have received and failed to deliver two books that were sent to him at the prison. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege (l) the conduct complained of was committed by a

ORDER - 1

person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

Here, Plaintiff's Complaint does not appear to raise any federal civil rights or U.S. Constitutional violations. Plaintiff's claim appears to be a state tort claim based on the negligence of defendants. An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. Hudson v. Palmer, 468 U.S. 517 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. Jeffries v. Reed, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986). Here plaintiff's complaint appears to merely allege a deprivation of personal property.

2. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d

ORDER - 2

1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Plaintiff names Edward Hansmeyer, who appears may be named only in his a supervisory role as a property officer. It is unclear if Mr. Hansmeyer personally participated in the alleged deprivation.

3. Based on the above described deficiencies, Plaintiff is directed to file an Amended Complaint curing these deficiencies or file a brief showing why the claims are not deficient by **June 8, 2009**, otherwise the court will recommend dismissal of this matter in its entirety as frivolous.

4. Plaintiff's motion for appointment of counsel is **DENIED.** There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331. It appears that this case does not involve exceptional circumstances which warrant appointment of counsel.

5. Plaintiff's motion or request to have copies of documents made and supplied by the court is **DENIED**. While Plaintiff is proceeding *in forma pauperis*, this status does not waive

ORDER - 3

the costs associated with litigation other than the filing fee. Plaintiff must pay for all other costs of litigation.

DATED this 6th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 4