UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY L. LAVERY, JR.,

    Plaintiff,

v.

M. KRONA, and EDWARD HANSMEYER,

    Defendants.

CASE NO. C09-5196FDB

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR AN INJUNCTION OR TEMPORARY RESTRAINING ORDER

**NOTED FOR:** June 26, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 6). Before the court is plaintiff's motion asking for an "injunction" or "temporary restraining order." (Dkt. # 9). Plaintiff asks the court to order "John Thompson" to appear and show cause why an injunction should not be issued requiring the defendants and all persons acting in concert with them to provide the plaintiff with legal supplies and

ORDER - 1

forms he requests (Dkt. # 9). John Thompson is not a named defendant in this action (Dkt. # 7).

In the complaint plaintiff alleges he placed two orders for "vendor books" to an art supplier. He alleges that the items arrived at the mailroom, were signed for by mail room staff, but not delivered to him (Dkt. # 7). Thus, the issues in the complaint and the motion for injunctive relief are unrelated.

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

## DISCUSSION

To obtain an injunction, Plaintiff must have a party before the court whom and injunction can be entered against. Here, plaintiff does not allege either defendant Krona or defendant Hansmeyer have engaged in any activity that warrants an injunction. The person he seeks an injunction against, John Thompson, is not a named defendant in this action. Further, plaintiff

fulfills neither standard and fails to show any actual injury to his litigation or that he has or will suffer irreparable injury. Accordingly, the court recommends this motion be DENIED.

## CONCLUSION

Plaintiff has not set evidence before the court showing that he meets the criteria for any form of injunctive relief. Further, he does not have the proper party before the court for the relief he is seeking. The Court therefore recommends the motion for injunctive relief be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 26, 2009,** as noted in the caption.

DATED this 3rd day of June, 2009.

J. Richard Creatura
United States Magistrate Judge